IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| DERRICK MARTIN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, Commissioner, | * | No. 4:19-cv-00816-JJV |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM AND ORDER

Plaintiff, Derrick Martin, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A).  "A 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  After consideration of the record as a whole, I find that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was fifty-nine years old at the time of the administrative hearing.  (Tr. 35.)  He has a high school education and testified he earned an electronics degree after two years of vocational technical school.  (*Id*.)  Mr. Martin has past relevant work as a cable installer - a position he held for twenty-six years.  (Tr. 25, 36.)

The Administrative Law Judge (ALJ)[1] found Mr. Martin had not engaged in substantial gainful activity since November 25, 2013 – the alleged onset date.  (Tr. 17.)  He has a "severe" impairment in the form of "history of left knee problems with two surgeries."  (*Id*.)  The ALJ further found Mr. Martin did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2]  (Tr. 19.)

The ALJ determined Mr. Martin had the residual functional capacity to perform work at the medium exertional level with the following limitations - "He can engage in occasional

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

kneeling, squatting, or crawling. The claimant should avoid any type of climbing." (*Id*.) Given his residual functional capacity, the ALJ assessed Plaintiff was no longer capable of performing his past relevant work as it was performed at the heavy exertional level. (Tr. 25.) So, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 45-46.) Given the VE's testimony, the ALJ concluded Mr. Martin could perform the jobs of hand packer and dining room attendant. (Tr. 26.) Accordingly, the ALJ determined he was not disabled. (Tr. 27.)

In support of his Complaint, Plaintiff argues ALJ's residual functional capacity assessment was flawed. (Doc. No. 10 at 3-13.) Plaintiff argues:

> The ALJ quoted from only [portions] of Dr. [Nguyen]'s report. (Exhibit 4F) The report actually stated Plaintiff had an FCE that placed Plaintiff at medium work. Dr [Nguyen] said Plaintiff was released with limited kneeling, squatting and crawling and could lift 50 pounds, but he went on to state Plaintiff is at risk for total knee replacement. (Exhibit 4F, T-285) He never addressed whether Plaintiff could stand and walk 6 hours in an 8 hour day. He never addressed what limited in kneeling, squatting and crawling meant. Is it occasionally or frequently? There are too many unanswered questions in this claim. The IME of Dr. Crowell never addressed any of these limitations as well. Plaintiff is entitled to have these questions addressed prior to an assessment of medium work.

(*Id.* at 13.)

The Commissioner counters:

> Dr. Nguyen found the FCE was reliable and opined Plaintiff could return to full duty with limited kneeling, squatting, and crawling (Tr. 285). The evidence is therefore consistent with the ALJ's RFC assessment that Plaintiff can occasionally kneel, squat and crawl. The Court must find substantial evidence supports an ALJ's RFC assessment when it is consistent with a treating physician's statement and the record as a whole.

(Doc. No. 11 at 6.)

After careful consideration of Plaintiff's argument and the medical evidence of record, I

3

am persuaded by the Commissioner's position here.  As the ALJ noted, Dr. Nguyen was Plaintiff's treating physician and was entitled to deference.  The ALJ stated, "He believed the claimant had reached maximal medical improvement.  Dr. Nguyen opined the claimant could return to work full duty with limited kneeling, squatting, and crawling and is capable of lifting 50 pounds."  (Tr. 24.) This accurately captures Dr. Nguyen's opinion.  (Tr. 279, 285.)   Additionally, Dr. Nguyen's opinion was largely based upon the very thorough functional capacity evaluation.  (Tr. 263-278.) With regard to the functional capacity evaluation, the ALJ correctly noted, "the claimant's treating surgeon, Dr. Nguyen, indicated he agreed with the evaluation as noted below."  (Tr. 24.) Therefore, the ALJ could rightly conclude his "residual functional capacity is consistent with [these] opinion[s]."  (*Id*.)

Although Plaintiff raises fair questions (*supra*), he is reminded it was his burden to prove his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

The opinions of Dr. Nguyen – Plaintiff's treating physician – provide substantial evidence to support the ALJ's opinion.  I find no error with the ALJ's conclusion that Plaintiff was capable of performing medium work.

Plaintiff also argues that the ALJ should have found disability based on Grid Rule 201.14. However, Plaintiff's argument assumes the ALJ's residual functional capacity assessment is incorrect.  As noted above, I find the ALJ's assessment to be supported by substantial evidence. Therefore, Plaintiff's second argument is without merit.

Counsel for both sides have done admirable work on behalf of their respective clients.

Unquestionably, Plaintiff suffers from some degree of limitation and pain.  He has an exemplary work history and I am sympathetic to his claims.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 3rd day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE